BENJAMIN F. HARRIS *vs.* OLIVER MOSES, et als.

Cumberland.    Opinion October 14, 1918.

*Wills.    Trust estates.    Disposition of stock dividends as between life tenants and remaindermen.    Rule to be applied where the intention of testator cannot be ascertained.*

A bill in equity brought by one of the trustees under the will of Oliver Moses, deceased, against his two co-trustees and the children and other descendants of the testator asking the instruction of the court as to the disposition of a stock dividend declared from earnings upon the stock of the Worumbo Manufacturing Company held by the trustees as part of the trust estate.

In ascertaining the rights of life tenants and remaindermen as to the disposition of dividends declared from the earnings of corporations upon stock held as part of the corpus of a testamentary trust estate, the intention of the testator so far as manifested by him must of course control, but when he has given no special direction upon the question as to what shall be considered principal and what income, he must be presumed to have had in view the lawful power of the corporation over the use and apportionment of its earnings, and to have intended that the determination of that question should depend upon the regular action of the corporation with regard to all its shares.

The stock dividend declared by the Worumbo Manufacturing Company is to be held in trust as part of the corpus of the trust estate and not distributed as income.

In view of decisions in other jurisdictions and the dictum of *Gilkey* v. *Paine,* 80 Maine, 349, we think the complainant was justified in seeking the instructions of the court and that it is reasonable that the fund arising from the dividend contribute towards the costs and expenses of the litigation, the latter to include the reasonable counsel fees of the solicitors of the complainant and respondents to be fixed by the sitting Justice. The respondents, however, are to be allowed but one bill of costs.

Bill in equity by trustees asking the instructions of the court relative to the disposition of certain stock dividends. Cause was heard upon bill and answers, and by agreement was reported to Law Court with certain stipulations. Judgment in accordance with opinion.

Case stated in opinion.

*Symonds, Snow, Cook & Hutchinson,* for complainant.

*Payson & Virgin, and John H. Pierce,* for respondents.

SITTING: CORNISH, C. J., SPEAR, BIRD, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

BIRD, J.   This bill in equity is brought by one of the trustees under the will of Oliver Moses, deceased, against his two co-trustees and the children, grandchildren and the great and great great grandchildren of the testator asking the instructions of this court as to the disposition of a stock dividend declared upon stock of the Worumbo Manufacturing Company held by the trustees as part of the trust estate.

Answers have been filed by all the defendants except one of the remaindermen against whom the bill has been taken pro confesso. The general effect of the answers is to admit the allegations of the bill, at least in so far as to enable the court to reach the conclusion at which it has arrived.

The case is reported upon the bill as amended, the answers of the defendants, the exhibits annexed to bill and answers, together with the stipulation of counsel as to facts and the order of court reporting the case.

The provisions of the will of Oliver Moses instituting and regulating the trust are as follows:

"6.　All the rest and residue of my estate, real, personal and mixed, whether now in possession or hereafter acquired, I give, devise and bequeath unto the said Galen C. Moses, Frank O. Moses and Benjamin F. Harris in trust to the uses following: that is to say.　I devise and direct that out of the net income remaining, after paying all proper charges and expenses, the trustees shall pay to my said wife such sums of money as she shall from time to time desire, and the residue thereof divide in quarter annual payments equally among my children, Frank O. Moses, Galen C. Moses, Harriett S. Knight, wife of George H. Knight, Annie E. Harris, wife of Benjamin F. Harris, and Wealthy C. Hinds, wife of Rev. John W. Hinds, so long as they all shall live.

"7.　In case the share of the said income falling to each of my children living shall in any year fall below two thousand five hundred dollars, the trustees at the end of the year are to make the shares up to that sum out of the principal of the trust estate.

"8.　If during the period of the said trust any of my said children shall die without issue the division of the income is to be made among the survivors of them.　But if the child so dying without issue shall leave a husband or wife, I give, bequeath and devise unto such surviving husband or wife one fourth part of that portion of the trust fund or estate corresponding to the portion of the income to which such deceased child was entitled at the time of his or her demise, the income of the residue to be divided as above provided, except as hereinafter to be provided."

Item 9 of the will provides for the disposition of the trust fund upon the decease of the children of the testator.

The trustees or their predecessors in the trust received from the estate of the testator and retained as part of the trust fund sundry shares of the corporation named above, which at the date of the vote of the stockholders, quoted below, numbered eight hundred and eighty-six.　On the twenty-third day of February, A. D. 1917, the stockholders of the corporation passed the following vote:

"Voted: that five thousand shares (5000) of new Capital Stock be issued at par to stockholders of record this 23rd day of February 1917, in proportion to their present holding; one share of new stock for each share now owned, and that an extra dividend of 100 per cent, payable in stock, be paid to stockholders of record of February 23rd, 1917, on March 15, 1917."

The vote was carried into execution and the number of shares held by the trustees was seventeen hundred and seventy-two at the time of the filing of the bill.

The complainant claims that the stock dividend was declared from earnings of the corporation. This is not seriously questioned by respondents, and we find such to be the fact. The complainant urges that consequently the shares representing the stock dividend be so apportioned that the value of the trust fund be unimpaired and the remainder be divided among the life beneficiaries—the three and only surviving children of the testator.

The will gives no indication of any intention entertained by the testator as to whether a stock dividend declared from earnings of the corporation be distributed as income among the life tenants or be held by the trustees as part of the corpus of the estate for the benefit of the remaindermen.

"In ascertaining the rights of such persons, the intention of the testator, so far as manifested by him, must of course control; but when he has given no special direction upon the question as to what shall be considered principal and what income, he must be presumed to have had in view the lawful power of the corporation over the use and apportionment of its earnings, and to have intended that the determination of that question should depend upon the regular action of the corporation with regard to all its shares." *Gibbons* v. *Mahon*, 136 U. S., 549, 559.

The complainant evidently relies upon the dictum in *Gilkey* v. *Paine*, to the effect that the integrity of the capital should be maintained and all surplus earnings, in whatever form distributed, be given to the life tenant. 80 Maine, 319, 325. This expression was unnecessary for the determination of that case. See *Thatcher* v. *Thatcher*, 117 Maine, 331.

The case under consideration cannot, we think, be distinguished from the case of *Thatcher* v. *Thatcher*, supra.

And the court takes this opportunity to state that in the determination of that case not only did the court have the assistance of the admirable and exhaustive brief of the solicitor for the complainant trustees but also of the like briefs of the solicitors in the instant case.

In conformity with the opinion in that case we must hold that the stock dividend declared by the Worumbo Manufacturing Company

is to be held by the Trustees in trust for the remaindermen and not distributed, as may the dividends thereon, as income among the surviving life tenants.

In view of the decisions in other jurisdictions rejecting the so-called Massachusetts rule, see *Thatcher* v. *Thatcher*, supra, and the dictum with which the opinion in *Gilkey* v. *Paine*, supra, closes, we think the complainant was justified in seeking the instructions of the court, and that it is reasonable and, as and for the reasons stated in *Richardson* v. *Richardson*, 75 Maine, at page 577, that the fund arising from the dividend contribute towards the costs and expenses of the litigation, the latter to include the reasonable counsel fees of the solicitors of the complainant and respondents to be fixed and allowed by the sitting Justice. The respondents, however, are to be allowed but one bill of costs. See also *Bailey* v. *Worster*, 103 Maine, 170, 178.

*Decree accordingly.*